BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #012571**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:16-CR-00051-BR |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO REOPEN MOTION TO SUPPRESS FACEBOOK EVIDENCE (#1040)** |
| **AMMON BUNDY, et al.,** | |
| **Defendants.** | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Ethan D. Knight, Geoffrey A. Barrow, and Craig J. Gabriel, Assistant United States Attorneys, hereby responds to defendants' Motion to Reopen Motion to Suppress Evidence (Facebook Accounts) (ECF No. 1040), filed by defendant Fry on behalf of all similarly situated defendants.

/ / /

/ / /

I.    **Government's Position**

The government respectfully recommends that defendants' Motion be denied for the following reasons: (1) the Facebook search warrant was properly executed by the FBI, and the FBI complied with all terms of the warrant; (2) no defendant going to trial on September 7, 2016, had his or her privacy interests implicated by the raw Facebook data being inadvertently included in discovery; and (3) wholesale suppression under the "flagrant disregard standard" is inappropriate here.

II.    **Legal Argument**

A.    **The FBI Properly Executed the Facebook Warrant**

To quickly recap the procedural background, on April 8, 2016, Judge Papak issued a search and seizure warrant for 23 Facebook accounts associated with the defendants in this case. *See* Ex. 1 filed under seal, at 1.   The FBI executed the warrant on April 11, 2016.   *See* Ex. 1, at 2.   On May 13, 2016, an FBI agent filed with the Court the Warrant's Return, listing an inventory of the property (i.e., data) received by the FBI from Facebook.   *See* Ex. 1, at 2. Pursuant to the terms of the warrant, law enforcement had 180 days to segregate responsive and non-responsive materials.   *See* Ex. 1, at 8.   The FBI completed its segregation process earlier this summer, but it should be noted that the 180-window has not even expired yet.

The FBI properly received the Facebook data, segregated the responsive materials from the non-responsive materials, and sealed the non-responsive materials, which will not be reopened absent a further order from the Court.

/ / /

As explained in the government's August 5, 2016, letter to the Court, the inadvertent disclosure of certain raw Facebook data to codefendants was the result of a miscommunication within the U.S. Attorney's Office ("USAO"), as explained below:[1]

1. To assist the defense in their preparation for trial, on May 16, 2016, the USAO provided each defendant who had a seized Facebook account the raw data from that account (with the exception of accounts that contained potentially privileged communications). *See* Ex. 2. The trial prosecutors in this case did not review the raw data, although there is nothing in the terms of the warrant that prevents the prosecutors, or any member of the prosecution team, from doing so.

2. On May 19, 2016, Facebook provided the FBI with "10.7GB worth of video and documents in an upgraded format. This information is believed to be similar to [the May 13, 2016] previously provided return, only in a new format." *See* Ex. 1, at 2. After receiving the Facebook data in an upgraded format, the FBI filed an Amended Warrant Return with the Court on May 25, 2016. *See* Ex. 1, at 2. The FBI provided this data in an updated format to the USAO's filter team to review for privileged communications. After the filter team completed its review of the Facebook data, the non-privileged data was returned to the FBI, according to the filter protocol, so that the FBI could complete its segregation of responsive materials from non-responsive materials in the warrant.

3. In June 2016, in what was meant to be a separate batch of discovery, the filter team provided non-privileged jail communications to the USAO's discovery processing center.

---

[1] *See* Declaration of Assistant United States Attorney Geoffrey A. Barrow filed concurrently.

**Government's Response to Defendants' Motion to Reopen Motion to Suppress       Page 3
Facebook Evidence (#1040)**

However, with that internal USAO transfer of non-privileged jail communications, the 11 non-privileged raw Facebook accounts at issue here were also inadvertently included. Those non-privileged materials, including the non-privileged jail communications and raw Facebook materials, were then produced in discovery in this case on June 24, 2016.

   4. As noted by the defense, the production of that raw Facebook data did not garner immediate attention, because amongst the voluminous and complex discovery in this case, the 11 Facebook accounts were mostly given only a single "placeholder" Bates number in the discovery index. Additionally, this same discovery production on June 24, 2016, also included the vast majority of the segregated Facebook data provided to all defendants.

The bottom line is that the FBI complied with all terms of the warrant and properly followed the search procedures set forth in Attachment B of the warrant. It was a miscommunication within the USAO that led to defendants receiving the raw Facebook data of some of their codefendants. There is simply no authority that suppression of the Facebook evidence would be the proper remedy in this case.

  **B.** **No September 7, 2016, Trial Defendant Was Affected**

None of the defendants going to trial on September 7, 2016, was affected by the discovery of the raw Facebook data. The following defendants' accounts were inadvertently discovered to all defendants:

- Sandra Anderson (trial scheduled for February 14, 2017)
- Sean Anderson (trial scheduled for February 14, 2017)
- Jason Blomgren (pleaded guilty)
- Blaine Cooper—2 Facebook accounts (pleaded guilty)
- Travis Cox (pleaded guilty)
- Wesley Kjar (pleaded guilty)

**Government's Response to Defendants' Motion to Reopen Motion to Suppress**  **Page 4**
**Facebook Evidence (#1040)**

- Eric Lee Flores (pleaded guilty)
- Corey Lequieu (pleaded guilty)
- Geoff Stanek (pleaded guilty)
- Darryl William Thorn (trial scheduled for February 14, 2017).

While the government does not believe that suppression is appropriate for any defendant, the defendants proceeding to trial on September 7, 2016, have no basis on which to seek suppression, because their Facebook accounts were not affected. To the extent that defendants going to trial on February 14, 2017, believe they have an argument in favor of suppression, the government respectfully suggests that the issue be heard by the Court after the first trial is completed.

### C. There Was No "Flagrant Disregard" of the Terms of the Warrant

As the FBI properly executed the warrant, they did not disregard the warrant's terms, and there certainly was not any flagrant disregard of the warrant.

In *United States v. Chen*, 979 F.2d 714, 718 (9th Cir. 1992), the Ninth Circuit reversed a district court's finding that law enforcement flagrantly disregarded the terms of a warrant, and held that "the district court erred in balancing the interests at stake." As the Ninth Circuit explained in *Chen*:

> Ordinarily, only evidence that is obtained in violation of a warrant is suppressed. *United States v. Tamura*, 694 F.2d 591, 597 (9th Cir. 1982) (*Tamura*). However, in cases where there is a "flagrant disregard" for the terms of the warrant, the district court may suppress all of the evidence, including evidence that was not tainted by the violation. [*United States v. Medlin*, 842 F.2d 1194, 1199 (10th Cir. 1988)].
>
> This extraordinary remedy should be used only when the violations of the warrant's requirements are so extreme that the search is essentially transformed into an impermissible general search. *See id.; Tamura*, 694 F.2d at 597. . . . [W]e have refused to suppress all of the evidence where the agents who exceeded their

       authority under the warrant "were motivated by considerations of practicality rather than by a desire to engage in indiscriminate 'fishing.'" *Tamura*, 694 F.2d at 597. Thus, wholesale suppression is appropriate under the flagrant disregard standard only when the officers transform the search into an impermissible general search by ignoring the terms of the warrant and engaging in indiscriminate fishing.

*Id*. at 717.

       Here, the FBI's compliance with the warrant precludes any finding that the search was transformed into an "impermissible general warrant" or that the FBI engaged in "indiscriminate fishing." Instead, the USAO was "motivated by considerations of practicality," when it provided defendants with raw data from their Facebook accounts to prepare for trial on May 16, 2016. That initial, individualized production later led to the inadvertent discovery of raw data to codefendants. There is no legal authority under which suppression of the Facebook evidence would be appropriate. In particular, the September 7, 2016, trial defendants lack any grounds for suppression whatsoever.

       **D.**    **An Evidentiary Hearing Is Not Required**

       The Ninth Circuit has repeatedly held that not every motion to suppress requires an evidentiary hearing. Whether to hold an evidentiary hearing rests within the discretion of the district court. *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (citing *United States v. Santora*, 600 F.2d 1317, 1320 (9th Cir.), *modified on other grounds*, 609 F.2d 433 (1979)). In exercising that discretion, a district court need only hold a hearing on a motion to suppress when "the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." *Id.* (citing *United States v. Licavoli*, 604 F.2d 613, 621 (9th Cir. 1979)).

**Government's Response to Defendants' Motion to Reopen Motion to Suppress    Page 6
Facebook Evidence (#1040)**

"A hearing will not be held on a defendant's pre-trial motion to suppress merely because a defendant wants one.   Rather, the defendant must demonstrate that a 'significant disputed factual issue' exists such that a hearing is required."   *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (quoting *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990)).

A disputed factual issue will require an evidentiary hearing only when that issue is critical or determinative in deciding the motion.   *E.g.*, *United States v. Quoc Viet Hoang*, 486 F.3d 1156, 1163 (9th Cir. 2007) ("Although the parties disputed how and whether Officer Todd selected the package for inspection, the government's concession that it lacked reasonable suspicion rendered the dispute immaterial.   Nor would resolution of that dispute alter the outcome of our Fourth Amendment analysis.").   An evidentiary issue does not arise based on a defendant's unsupported allegations.   *See United States v. Ramirez-Garcia*, 269 F.3d 945, 947 (9th Cir. 2001).

Here, defendants have put forth no evidence that the FBI improperly executed the warrant. In the USAO's letter to the Court on August 5, 2016, and in this pleading, the government has explained the circumstances under which the raw Facebook data from some defendants was provided to other defendants.   Because there is no basis to find that the FBI did not comply with the terms of the warrant, the government submits that an evidentiary hearing is not necessary to resolve this matter.

/ / /

/ / /

/ / /

/ / /

### III.  Conclusion

For the reasons set forth above, the government respectfully requests that defendants' Motion to Reopen the Motion to Suppress Facebook Evidence be denied without an evidentiary hearing.

Dated this 19th day of August 2016.

                                            Respectfully submitted,

                                            BILLY J. WILLIAMS
                                            United States Attorney

                                            *s/ Craig J. Gabriel*
                                            ETHAN D. KNIGHT, OSB #992984
                                            GEOFFREY A. BARROW
                                            CRAIG J. GABRIEL, OSB #012571
                                            Assistant United States Attorneys