BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #012571**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:16-CR-00051-BR |
| v. | **DECLARATION OF GEOFFREY A. BARROW IN SUPPORT OF GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO REOPEN MOTION TO SUPPRESS FACEBOOK EVIDENCE** |
| **AMMON BUNDY, et al.,** | |
| Defendants. | |

I, Geoffrey A. Barrow, declare:

1. I am one of the Assistant United States Attorneys representing the government as counsel of record in the above-captioned case. I have been an AUSA for nearly fifteen years.

2. I am aware that on April 8, 2016, Judge Papak issued a search and seizure warrant for 23 Facebook accounts associated with the defendants in this case. *See* Sealed Ex. 1 to Gov't's Resp., at 1. The FBI executed the warrant on April 11, 2016. *See* Ex. 1, at 2. On May 13, 2016,

an FBI agent filed with the Court the Warrant's Return, listing an inventory of the property (i.e., data) received by the FBI from Facebook. *See* Ex. 1, at 2. Pursuant to the terms of the warrant, law enforcement had 180 days to segregate responsive and non-responsive materials. *See* Ex. 1, at 8. The FBI completed its segregation process earlier this summer.

3. Based on a diligent review of the FBI's investigation in this case, I believe that the FBI properly received the Facebook data, segregated the responsive materials from the non-responsive materials, and sealed the non-responsive materials, which will not be reopened absent a further order from the Court.

4. After a diligent review of the discovery procedures of the U.S. Attorney's Office (USAO) in this case, I believe the following facts to be true:

   a. To assist the defense in their preparation for trial, on May 16, 2016, the USAO provided each defendant who had a seized Facebook account the raw data from that account (with the exception of accounts that contained potentially privileged communications). *See* Ex. 2 to Gov't's Resp. The trial prosecutors in this case did not review the raw data, although there is nothing in the terms of the warrant that prevents the prosecutors, or any member of the prosecution team, from doing so.

   b. On May 19, 2016, Facebook provided the FBI with "10.7GB worth of video and documents in an upgraded format. This information is believed to be similar to [the May 13, 2016] previously provided return, only in a new format." *See* Ex. 1, at 2. After receiving the Facebook data in an upgraded format, the FBI filed an Amended Warrant Return with the Court on May 25, 2016. *See* Ex. 1, at 2. The FBI provided this data in an updated format to the USAO's

filter team to review for privileged communications. After the filter team completed its review of the Facebook data, the non-privileged data was returned to the FBI, according to the filter protocol, so that the FBI could complete its segregation of responsive materials from non-responsive materials in the warrant.

      c. In June 2016, in what was meant to be a separate batch of discovery, the filter team provided non-privileged jail communications to the USAO's discovery processing center. However, with that internal USAO transfer of non-privileged jail communications, the 11 non-privileged raw Facebook accounts at issue here were also inadvertently included. Those non-privileged materials, including the non-privileged jail communications and raw Facebook materials, were then produced in discovery in this case on June 24, 2016.

      d. As noted by the defense, the production of that raw Facebook data did not garner immediate attention, because amongst the voluminous and complex discovery in this case, the 11 Facebook accounts were mostly given only a single "placeholder" Bates number in the discovery index. Additionally, this same discovery production on June 24, 2016, also included the vast majority of the segregated Facebook data provided to all defendants.

I declare that the foregoing is true and correct to the best of my knowledge. This declaration was executed in Portland, Oregon, on August 19, 2016.

                                         /s/ Geoffrey A. Barrow
                                         GEOFFREY A. BARROW
                                         Assistant United States Attorney