BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #012571**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:16-CR-00051-BR |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE "OTHER ACT" EVIDENCE (#1046)** |
| **AMMON BUNDY, et al.,** | |
| **Defendants.** | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Ethan D. Knight, Geoffrey A. Barrow, and Craig J. Gabriel, Assistant United States Attorneys, hereby responds to defendants' Motion *In Limine* to Exclude "Other Act" Evidence (ECF No. 1046), filed by defendant Shawna Cox on behalf of all defendants.

/ / /

/ / /

**I.    Government's Position**

Defendants seek to exclude evidence that, during the time they occupied the Malheur National Wildlife Refuge ("MNWR"), they removed documents from federal employees' files at the MNWR.   Because the removal of federal employees' records is direct evidence of defendants' intent to impede those federal employees, the government recommends that defendants' Motion be denied.

**II.   Legal Argument**

At trial, U.S. Fish and Wildlife Service "("USFWS") employees will testify that when they returned to the MNWR after the occupation, they found that their office's filing system was in disarray.   Government documents, books, and historical records were missing, broken up, scattered, or found in random locations.

**A.    The Defendants Admitted to Searching USFWS Employees' Files**

The chaotic state of the employees' files was not an accident: The defendants admitted that while they occupied the MNWR, they spent significant time rifling through the federal employees' records.

1. While Ammon Bundy was occupying the Refuge, he told Peter Santilli that they were "working through the records" with a "great team":

> We're in the middle of working through the records to identify all the usage on the land and resources here in Harney County.   That's an arduous task, but we got a great team doing it.   And, what we're planning on doing with those is once all the boundaries [of the MNWR] have been identified, then we will get those straight with the local people and verify that that is all right.   And then we will begin to record those in the county recorder's office as their rights, and not as the federal government's right . . . . We're going to reverse that and get these lands back to the people.

*See* Gov't's Trial Ex. 612; *see also* Gov't's Resp. to Mot., ECF No. 1006.

    2.    During a meeting (recorded by Ammon Bundy) between Ammon Bundy, Shawna Cox, and two visitors inside a USFWS employee's office on the MNWR during the occupation, Shawna Cox stated:

> I'm going through the stuff.  We've got a lot of evidence.  We have – we're finding lots of evidence.   And we, we need to make our case solid, and it's going to be solid.

*See* Gov't's Trial Ex. 50.

    3.    In a media interview on March 25, 2016, after the occupation ended, Shawna Cox was asked what her job was during the occupation.   Defendant Cox replied:

> I was actually doing – gathering – information, checking, because we were trying to get all the information on the Hammonds and how they had been persecuted by the people of the Refuge.   They had managers there over the years, and we were trying to get the evidence to help exonerate them.   That was my main goal, was to be able to get that proof, the evidence that we needed to take to court to show their innocence, and how they had been persecuted over the years.   And, so that's what my main focus was to begin with. . . .   That was my main thing, right at that time I was looking for the evidence, seeking out that evidence, and of which we did find.

*See* Gov't's Trial Ex. 22.

    **B.**    **Defendants Had Stolen Documents in Their Possession at the Time of Their Arrest**

Government's trial exhibits 676–691 contain stolen documents from the employees of the MNWR that had been downloaded to digital devices belonging to Shawna Cox.   *See* Exs. 27–29.   Ryan Bundy and Duane Ehmer also had stolen government documents in their possession at the time of their arrests.   *See, e.g.*, Gov't's Trial Exs. 179, 180, 692.   These stolen

government records included Personal Identifiable Information of USFWS employees, documents related to the Hammond family, government credit cards, and numerous other items.

Defendants' appropriation of the documents used and created by federal employees is highly probative of defendants' agreement to impede those federal employees, because it demonstrates defendants' intention to interfere with the employees' official duties. Evidence that defendants reviewed and removed government documents should therefore be admissible at trial.

### III. Conclusion

For the reasons set forth above, the government respectfully requests that defendants' Motion be denied.

Dated this 19th day of August 2016.

>Respectfully submitted,
>
>BILLY J. WILLIAMS
>United States Attorney
>
>*s/ Craig J. Gabriel*
>ETHAN D. KNIGHT, OSB #992984
>GEOFFREY A. BARROW
>CRAIG J. GABRIEL, OSB #012571
>Assistant United States Attorneys