IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:16-cr-00051-BR |
| Plaintiff, | ORDER DENYING DEFENDANT JASON PATRICK'S MOTION (#1599) TO DISMISS SUPERSEDING INDICTMENT: PROSECUTORIAL MISCONDUCT AND MOTION (#1601) TO DISMISS COUNT ONE: COLLATERAL ESTOPPEL |
| v. | |
| **JASON PATRICK, DUANE LEO EHMER, DYLAN ANDERSON, SEAN ANDERSON, SANDRA LYNN ANDERSON, DARRYL WILLIAM THORN, and JAKE RYAN,** | |
| Defendants. | |

**BROWN, Judge.**

This matter comes before the Court on Defendant Jason Patrick's Motion (#1599) to Dismiss Superseding Indictment: Prosecutorial Misconduct and Motion (#1601) to Dismiss Count One of the Superseding Indictment: Collateral Estoppel.

For the reasons that follow, the Court **DENIES** Patrick's Motions.

I.  **Motion (#1599) to Dismiss Superseding Indictment: Prosecutorial Misconduct**

Patrick moves to dismiss the Superseding Indictment (#282) on the basis that the government engaged in prosecutorial misconduct after the conclusion of the September 7, 2016, trial

1 -   ORDER DENYING DEFENDANT JASON PATRICK'S MOTION (#1599) TO DISMISS SUPERSEDING INDICTMENT: PROSECUTORIAL MISCONDUCT AND MOTION (#1601) TO DISMISS COUNT ONE: COLLATERAL ESTOPPEL

(which resulted in Not Guilty verdicts as to all Defendant on all charges except Count Five as to Defendant Ryan Bundy on which the jury did not reach a verdict) when government agents made certain extra-judicial statements.  Patrick identifies the following three statements:

> "While we had hoped for a different outcome, we respect the verdict of the jury and thank them for their dedicated service during this long and difficult trial."
>
> – United States Attorney for the District of Oregon, Billy J. Williams, October 27, 2016.

> "For many weeks, hundreds of law enforcement officers – federal, state, and local – worked around-the-clock to resolve the armed occupation at the Malheur National Wildlife Refuge peacefully.  We believe now – as we did then – that protecting and defending this nation through rigorous obedience to the U.S. Constitution is our most important responsibility, . . . .  Although we are extremely disappointed in the verdict, we respect the court and the role of the jury in the American judicial system."
>
> – Greg Bretzing, Special Agent in Charge of the FBI in Oregon, October 27, 2016.

> "Respect the court, but deeply disappointed in Malheur verdicts.  Safety of employees remains the top priority.  SJ #Oregonstandoff."
>
> – Tweet from United States Secretary of the Interior Sally Jewell (@SecretaryJewell), October 28, 2016.

Def.'s Mem. in Supp. (#1600) at 1-2.

Patrick contends these statements, as well as other

2 -   ORDER DENYING DEFENDANT JASON PATRICK'S MOTION (#1599) TO DISMISS SUPERSEDING INDICTMENT: PROSECUTORIAL MISCONDUCT AND MOTION (#1601) TO DISMISS COUNT ONE: COLLATERAL ESTOPPEL

unidentified statements, amount to prosecutorial misconduct because they are likely to prejudice prospective jurors in the case that is set to begin trial on February 14, 2017, and the expressions of disappointment are "nothing less than a thinly veiled accusation that the first jury came, either through conscious desire or unfortunate mistake, to the incorrect conclusion." Def.'s Mem. in Supp. (#1600) at 2. Accordingly, Patrick requests this Court to dismiss the Superseding Indictment pursuant to its supervisory authority over the government.

A district court may dismiss an indictment under two circumstances: First, a "'district court may dismiss an indictment on the ground of outrageous government conduct if the conduct amounts to a due process violation.'" *United States v. Chapman*, 524 F.3d 1073, 1084 (9th Cir. 2008)(quoting *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991)). Second, if "'the conduct does not rise to the level of a due process violation, the court may nonetheless dismiss under its supervisory powers.'" *Chapman*, 524 F.3d at 1084 (quoting *Barrera-Moreno*, 951 F.2d at 1091).

"To violate due process, governmental conduct must be 'so grossly shocking and so outrageous as to violate the universal sense of justice.'" *Barrera-Moreno*, 951 F.2d at 1092 (quoting *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir. 1991)).

3 -   ORDER DENYING DEFENDANT JASON PATRICK'S MOTION (#1599) TO
      DISMISS SUPERSEDING INDICTMENT: PROSECUTORIAL MISCONDUCT AND
      MOTION (#1601) TO DISMISS COUNT ONE: COLLATERAL ESTOPPEL

"A district court may exercise its supervisory power 'to implement a remedy for the violation of a recognized statutory or constitutional right; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and to deter future illegal conduct.'" *Chapman*, 524 F.3d at 1085 (quoting *United States v. Simpson*, 927 F.2d 1088, 1090 (9th Cir. 1991)). "However, because '[d]ismissing an indictment with prejudice encroaches on the prosecutor's charging authority,' this sanction may be permitted only 'in cases of flagrant prosecutorial misconduct.'" *Chapman*, 524 F.3d at 1085 (quoting *Simpson*, 927 F.2d at 1091).

The Court concludes Patrick's arguments lack merit. The statements of United States Attorney Williams, Special Agent in Charge Bretzig, and Secretary Jewell were professional and expressed the to-be-expected disappointment that they felt as a result of the verdict adverse to their respective positions in the trial that began September 7, 2016. Contrary to Patrick's assertion that the statements "are egregious violations of these defendants' right to a fair trial," each of the three statements that Patrick identifies demonstrate a laudable respect for the jury, the Court, and the judicial system, and the measured tone of each of the statements is absolutely inconsistent with any risk that the statements could prejudice the Defendants who are

4 -   ORDER DENYING DEFENDANT JASON PATRICK'S MOTION (#1599) TO
      DISMISS SUPERSEDING INDICTMENT: PROSECUTORIAL MISCONDUCT AND
      MOTION (#1601) TO DISMISS COUNT ONE: COLLATERAL ESTOPPEL

scheduled for trial on February 14, 2017.  The various statements clearly do not violate due process.  Nor do the statements justify the Court dismissing the Superseding Indictment pursuant to its supervisory authority.

On this record, therefore, the Court **DENIES** Defendant Jason Patrick's Motion (#1599) to Dismiss Superseding Indictment: Prosecutorial Misconduct.

## II. Motion (#1601) to Dismiss Count One of the Superseding Indictment:  Collateral Estoppel

Patrick next moves to dismiss Count One of the Superseding Indictment as to those Defendants who are scheduled to begin trial on February 14, 2017, on the basis of collateral estoppel.

"Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970).  *See also United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008).  Under the doctrine of collateral estoppel, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."  *Ashe*, 397 U.S. at 443.  *See also Bhatia*, 545 F.3d at 759.

As Patrick concedes, however, there is no mutuality of parties between the Defendants who were involved in the trial

5 -    ORDER DENYING DEFENDANT JASON PATRICK'S MOTION (#1599) TO
       DISMISS SUPERSEDING INDICTMENT: PROSECUTORIAL MISCONDUCT AND
       MOTION (#1601) TO DISMISS COUNT ONE: COLLATERAL ESTOPPEL

that started on September 7, 2016, and those who are set to begin trial on February 14, 2017. Unlike collateral estoppel when there is unanimity of parties, the doctrine of nonmutual collateral estoppel is considerably more limited in criminal cases. *See Standefer v. United States*, 447 U.S. 10, 21-25 (1980). Indeed, the Ninth Circuit has found nonmutual collateral estoppel does not apply to criminal cases. *United States v. Valdez-Soto*, 31 F.3d 1467, 1476 (9th Cir. 1994)(citing *Standefer*, 447 U.S. at 21-25).

In particular, the *Standefer* Court noted "in a criminal case, the Government is often without the kind of 'full and fair opportunity to litigate' that is a prerequisite of estoppel" because

> the prosecution's discovery rights in criminal cases are limited, both by rules of court and constitutional privileges; it is prohibited from being granted a directed verdict or from obtaining a judgment notwithstanding the verdict no matter how clear the evidence in support of guilt . . . it cannot secure a new trial on the ground that an acquittal was plainly contrary to the weight of the evidence . . . ; and it cannot secure appellate review where a defendant has been acquitted.

*Standefer*, 447 U.S. at 22. The *Standefer* Court also noted the government's inability to appeal a Not Guilty verdict is a factor that "strongly militates against giving an acquittal preclusive effect." *Id.* at 23. Moreover, the Court found "[t]he

6 -   ORDER DENYING DEFENDANT JASON PATRICK'S MOTION (#1599) TO
      DISMISS SUPERSEDING INDICTMENT: PROSECUTORIAL MISCONDUCT AND
      MOTION (#1601) TO DISMISS COUNT ONE: COLLATERAL ESTOPPEL

application of nonmutual estoppel in criminal cases is also complicated by the existence of rules of evidence and exclusion unique to our criminal law" because, for example, "[i]t is frequently true in criminal cases that evidence inadmissible against one defendant is admissible against another." *Id.* Finally, the *Standefer* Court emphasized "the important federal interest in the enforcement of the criminal law" outweighs the "[judicial] economy concerns that undergird the estoppel doctrine." *Id.* at 24-25.  Although the *Standefer* Court was aware that declining to apply nonmutual collateral estoppel in the circumstances of a criminal case may lead to inconsistent verdicts in some cases, the Court concluded "[w]hile symmetry of results may be intellectually satisfying, it is not required." *Id.* at 25.

Because this is a criminal case, the doctrine of nonmutual collateral estoppel does not apply to preclude the government from proceeding to trial on Count One against these Defendants. *See Valdez-Soto*, 31 F.3d at 1476.  Even if nonmutual collateral estoppel applied in some criminal cases, many of the same considerations that led the *Standefer* Court to decline to apply the doctrine are also present in this case.  As in *Standefer* (and all criminal cases), the government is unable to appeal the verdict reached at the conclusion of the trial that began on

7 -   ORDER DENYING DEFENDANT JASON PATRICK'S MOTION (#1599) TO
      DISMISS SUPERSEDING INDICTMENT: PROSECUTORIAL MISCONDUCT AND
      MOTION (#1601) TO DISMISS COUNT ONE: COLLATERAL ESTOPPEL

September 7, 2016. Moreover, although some of the evidence in the upcoming trial is likely to be the same as or similar to that which was assessed by the jury during the September 7, 2016, trial, there will almost certainly be other evidence admitted that is specific to those Defendants scheduled for trial on February 14, 2017, that the government either could not introduce or did not have an interest in introducing at the September 7, 2016, trial.

Finally, this Court finds persuasive the *Standefer* Court's reasoning that the public interest in full adjudication of criminal cases outweighs the interest in judicial economy applies to all criminal cases, including this matter. Accordingly, the Court concludes the government is not precluded from proceeding to trial on Count One by the doctrine of collateral estoppel.

On this record, therefore, the Court **DENIES** Defendant Jason Patrick's Motion (#1601) to Dismiss Count One of the Superseding Indictment: Collateral Estoppel.

IT IS SO ORDERED.

DATED this 19th day of December, 2016.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

8 - ORDER DENYING DEFENDANT JASON PATRICK'S MOTION (#1599) TO DISMISS SUPERSEDING INDICTMENT: PROSECUTORIAL MISCONDUCT AND MOTION (#1601) TO DISMISS COUNT ONE: COLLATERAL ESTOPPEL